## TWIN CITY CO-OP CREDIT UNION v. JAMES H. BARTLETT AND OTHERS.

123 N. W. (2d) 675.

August 30, 1963—No. 38,835.

*Joseph T. O'Neill* and *Firestone, Fink, Krawetz, Miley & O'Neill*, for appellant.

*Johnson, Johnson, Lind, Olson & Daniels*, for respondent.

MURPHY, JUSTICE.

The sole question presented by this appeal involves the liability of the defendant who, along with others, signed notes given to the plaintiff credit union. The defendant contends that the defense of usury is available to him because he is a nonmember of the credit union payee, and that the rate of interest specified in the agree-

ments is usurious except as to loans made to members. The plaintiff credit union contends that the defendant is liable as a guarantor.

In its complaint the credit union alleged nine causes of action, each based upon a note in which the defendant James H. Bartlett joined with members of the credit union as obligors. In each cause of action it is alleged that the defendant Bartlett signed the notes as a "co-maker" and that there remains unpaid a stated amount of principal and interest for which recovery is demanded. The defendant Bartlett by his answer denied liability and as an affirmative defense alleged:

"I

"That the plaintiff herein agreed with this defendant and held out to him that said plaintiff would check the credit of each and every person seeking to obtain credit on the notes from Twin City Co-ops Credit Union, that said plaintiff was careless and negligent in checking said credit rating, which said carelessness and negligence was the cause of any loss hereunder.

"II

"The said plaintiff did agree with and hold out to this answering defendant, that said plaintiff would inform defendant promptly of each and every delinquency under said notes, which are the subject of this law suit, but said plaintiff did fail and neglect to inform this answering defendant of said delinquencies and of recurrences of delinquencies which said failure and neglect is the cause of any losses under said notes.

"III

"The said plaintiff did agree with and hold out to this answering defendant that said plaintiff would make diligent efforts to collect said notes from the makers thereof, but in fact and in deed said plaintiff did fail, refuse and neglect to take any diligent steps to collect on said notes from the makers thereof, which said failure, refusal and neglect is the cause of the loss on said notes."

Thereafter the defendant amended the answer to allege the defense of usury. By the time the matter came to trial, certain interrogatories had been submitted by the parties and answers had been

filed in response to them. It further appears that a stipulation had been entered into, the substance of which was that certain agreed amounts remained unpaid on the notes in question; that the plaintiff was a duly created and operating credit union under the laws of the State of Minnesota; that the defendant Bartlett was not a member of the credit union at the time he signed the notes; and that certain attorney's fees might be awarded in the event plaintiff should recover. It was further stipulated that the answer might be amended to allege the defense of usury. Although it is not clear from the language of the stipulation, it is apparent from the decision of the court below and the arguments on appeal that the parties also agreed "[t]hat the only issue to be decided by the Court is whether or not said loans were usurious as to defendant James H. Bartlett" and that in determining the issue, consideration should be given not only to the stipulation but also to the form of the loan agreements attached to the complaint as exhibits, the answer as amended, and the answers to interrogatories exchanged prior to trial. No other evidence was offered and the matter was submitted on briefs.

On this record the court made its order directing entry of judgment in favor of the plaintiff for the stipulated amount. The order contained no specific findings except to recite the substance of the stipulation, the issue as quoted above, and the fact that defendant Bartlett signed the notes "to procure loans to members of plaintiff credit union so that they may purchase" merchandise from him. This latter recital was obviously a conclusion arrived at by the court on the basis of the defendant's original answer and from answers made to interrogatories. We find nothing in the interrogatories which would support a finding that the liability of the defendant Bartlett was other than that of a comaker. There is some evidence that when the notes were in default the defendant Bartlett took steps to aid in the collection of the amounts due from the cosigners and that in some circumstances he repossessed the appliances which were financed by the loans in question. On the basis of the allegation of the answer and the interrogatories relating to the conduct of the defendant after the notes were in default, the trial court concluded

that the defendant was a guarantor of the obligations and that the defense of usury was not available to him.

■ It is conceded that plaintiff credit union is permitted to charge interest at the rate of 1 percent per month on loans to members.[1] It is further conceded that the rate of interest specified in the agreements was usurious as to any nonmember, rendering the agreement void as to defendant Bartlett if the defense of usury was available to him.[2] The parties also accept as settled the rule that the defense of usury is available to one secondarily liable only to the extent that it is available to the principal or primary obligor. Dahmes v. Industrial Credit Co. 261 Minn. 26, 110 N. W. (2d) 484.

■ It is our view that the evidence upon which the court relied is too tenuous to support a finding that a contract of guaranty existed which would impose liability upon the defendant. It should be pointed out that the plaintiff by its complaint originally asserted that the defendant was liable as a comaker of the notes in question. After it was stipulated that the answer might be amended to assert the defense of usury, the plaintiff changed its theory of the action and asserted the defendant was liable as a guarantor. We have reviewed the record and find nothing in it which establishes a contract for guaranty. In Clark v. Otto B. Ashbach & Sons, Inc. 241 Minn. 267, 64 N. W. (2d) 517, we defined the contract of guaranty as "an undertaking or promise on the part of one person which is collateral to a primary or principal obligation on the part of another and which binds the obligor to performance in the event of nonperformance by such other, the latter being bound to perform primarily." A guarantor is not a party to the principal obligation.

It seems clear from the record here that the defendant is a comaker of the notes and not a guarantor. The form of note or loan agreement signed by the defendant provides:

"LOAN AGREEMENT

"$838.81

"FOR VALUE RECEIVED, Minneapolis, Minnesota, Jan. 16, 1956

---

[1]Minn. St. 52.14.
[2]Minn. St. 334.01, 334.03, and 334.05.

"The undersigned, jointly and severally promise to pay to the Twin City Co-ops. Credit Union (hereafter referred to as the Credit Union), at its office, the sum of $838 and 81 cts Dollars in installments as follows: monthly installments of 6 of 54.48, 3 of 21.43 each, the first due Feb. 16, 1956 and the others due serially on the 16 day of each month thereafter until the full amount has been paid with interest on unpaid balances at the rate of one per cent per month. Any or all installments or any part thereof or any part of the balance may be paid before due.

"The following collateral is pledged to the payment of this loan: "Assignment of Conditional Sales Contract on L D 20 Ryan Freezer. "EACH OF THE UNDERSIGNED JOINTLY AND SEVERALLY AGREE AS FOLLOWS:

"In addition to any other collateral, we pledge to the payment hereof all shares and payments on shares (including accretion to the name by life insurance if any) and deposits we may now or hereafter have in the Credit Union, and agree that the Credit Union shall have an offset against the name at its option at any time without legal process for any due and unpaid balance, plus collection costs and reasonable attorneys' fees.

"At the option of the Credit Union the entire unpaid balance of the loan with interest shall forthwith mature and shall immediately become due and payable without demand or notice upon the happening of any of the following events: (1) failure to pay any installments when due; (2) death of any of us; (3) termination for any reason of the employment of any of us; (4) if any of us makes a general assignment for the benefit of creditors, becomes the subject of bankruptcy, insolvency or receivership proceedings, or if any of our property or income becomes the subject of attachment or garnishment; or (5) if any of the pledged collateral declines in value or becomes unsatisfactory to the Credit Union, and we do not, immediately upon demand, reduce the balance or pledge additional collateral satisfactory to the Credit Union.

"We waive presentment for payment, demand, notice of nonpayment, notice of protest and protest hereof, and diligence in enforcing

payment or bringing legal action; and we consent to any and all extensions of time, renewals, waivers, modifications, and release of any or all of the collateral, with or without substitution; and we further agree to pay reasonable attorneys' fees and costs incident to collection of due and unpaid installments or of any balance unpaid after maturity.

"In the event this note is secured by a mortgage on real or personal property, the terms of which mortgage requires the furnishing of hazard insurance on the security for the protection of said Credit Union, if the policy for such insurance is not furnished immediately or if such policy expires and a renewal thereof is not furnished the said Credit Union at least 10 days prior to such expiration, the said Credit Union may purchase the required insurance and add the cost thereof to the balance of this loan.

"The right to call this loan or demand payment of the whole or any part thereof is not waived by accepting delinquent payments, and the failure to exercise any right or option given hereunder shall not operate as a waiver of such right or option, but the same may be exercised at any time as regards any of us.

|  | "SIGNATURES | ADDRESSES |
|---|---|---|
| "Maker | Edward Hatfield | 3040 No. Fairview |
|  | Joan Hatfield | St. Paul 4. M. |
| "Co-Maker | James H. Bartlett" |  |

There is no ambiguity as to the plain terms of the foregoing instrument and it would seem that the defendant's status as a comaker is established as a matter of law. The record does not establish that the defendant's conduct in assisting in the collection of the delinquent notes or in attempting to minimize the loss changed the nature of his liability as a comaker. Nor is there any question of fact on the issue of usury. Since it is admitted that the defendant is not a member of the credit union, the contract is usurious to him as a matter of law.

Reversed.