## Joanne POSTON v. James G. POSTON

[657 A.2d 1076]

No. 93-283

December 17, 1993. Defendant appeals from a family court order adjudging Merrill Lynch, Pierce, Fenner & Smith, Inc. trustee of $31,588.68 of defendant's funds, and ordering execution therefore. We affirm.

Following the parties' divorce, plaintiff obtained judgment against defendant for unpaid child support, maintenance, and attorney's fees. Thereafter, she initiated trustee process, and when Merrill Lynch filed a disclosure indicating that it held funds belonging to defendant, plaintiff sought an order that Merrill Lynch be adjudged trustee and ordered to pay plaintiff the sum of $31,588.68. Defendant failed to respond to plaintiff's motion for trustee process, but was allowed to present oral argument in opposition to the motion when the court scheduled a hearing on its own initiative. See *Williams v. Williams*, 158 Vt. 574, 576, 613 A.2d 200, 201 (1992) (court has discretion whether to hold hearing on post-trial motion). Plaintiff, citing V.R.C.P. 78(b)(1), contends that because defendant failed to file written objections to the motion, he should not have been allowed to raise oral objections at the hearing. The only sanction specified in the rule,

however, is that if no memorandum in opposition is filed, the court may dispose of the motion without argument. Further, as defendant points out, subject matter jurisdiction is an issue that may be raised at any time, see V.R.C.P. 12(h)(3), and defendant may not be foreclosed from raising this issue.

Defendant contests the court's subject matter jurisdiction over his Merrill Lynch Cash Management Account on two grounds: (1) the securities in the account were not physically seized as required by statute, see 9A V.S.A. §§ 8-317(1) (no attachment of security valid unless actually seized by officer making attachment), and (2) the Cash Management Account was not located in Vermont. Defendant also argues that the court erred in ruling that personal jurisdiction over Merrill Lynch was a sufficient basis to sustain its jurisdiction over the assets in defendant's account, and reiterates his arguments in more general policy terms, asserting that the court's action runs counter to current trends in commercial law.

Defendant contends that 9A V.S.A. § 8-317(1) requires actual physical seizure of the securities in his account or there is no subject matter jurisdiction over them. Nothing in the record, however, identifies specific securities included in the account. The disclosure by Merrill Lynch stated that the account contained "sufficient funds and/or securities," and that "said funds" had been restricted. The disclosure acknowledges an obligation Merrill Lynch owes defendant but does not attempt to identify securities belonging to defendant. The disclosure makes clear that this is not a case involving specific certificates of stock. Cf. *Bahre v. Pearl*, 595 A.2d 1027, 1033 (Me. 1991) (corporate shares are subject to attachment by actual seizure under § 8-317(1) "as tangible evidence of stock ownership"). If such were the case, the instruments themselves would be "the vital thing," and possession of the certificates would be essential in order to prevent attaching creditors "from securing rights paramount to those of purchasers who have actual possession of the security." Uniform Laws Comments 1 & 3 to 9A V.S.A. § 8-317; see *Neifeld v. Steinberg*, 438 F.2d 423, 432 (3d Cir. 1971) (manual seizure of securities is required by § 8-317 "to foreclose all possibility of the security finding its way into a transferee's hands" after attempted attachment). Here, there is no reason for concern that specific securities in defendant's name might be transferred to a subsequent purchaser. Defendant offered no evidence to support his claim that particular, identifiable securities, rather than a cash reserve, made up any part of the amount subject to trustee process. We conclude that 9A V.S.A. § 8-317(1) does not apply in this case.

Defendant also argues that trustee process is an in rem action and the court lacked subject matter jurisdiction because the Cash Management Account is not located in Vermont. The argument is without merit. Defendant's Cash Management Account is an intangible asset—a debt Merrill Lynch owes him—not tangible property, such as certificates of stock. See *Bahre*, 595 A.2d at 1034 ("Whereas the common law proscription against attachment was premised on the intangible nature of the shares to be attached, the tangible nature of stock certificates makes them fully attachable . . . as a 'chattel' of the debtor."). A debt is subject to trustee process, *Merrimack Sheet Metal, Inc. v. Liv-Mar, Inc.*, 147 Vt. 85, 87, 511 A.2d 992, 994 (1986) ("trustee's indebtedness

to the judgment debtor is clearly subject to attachment"), and a nonresident's debt may be attached so long as the debtor has an agent in this state, 12 V.S.A. § 3016 ("[D]ebts due and owing from a person resident without the state, . . . having an authorized agent resident in the state, may be attached and holden by trustee process."); see *Libra Bank Ltd. v. Banco Nacional de Costa Rica*, 570 F. Supp. 870, 879 n.9 (S.D.N.Y. 1983) (when court has personal jurisdiction over debtor, debt has situs in that jurisdiction); accord *Champion Int'l Corp. v. Ayars*, 587 F. Supp. 1274, 1275 n.1 (D. Conn. 1984); see also *Levi Strauss & Co. v. Crockett Motor Sales*, 739 S.W.2d 157, 158 (Ark. 1987) (wherever creditor may sue to recover debt, that debt may be attached as property, provided laws of forum authorize it). Merrill Lynch, which is registered to do business in Vermont, is subject to service of trustee process, see 12 V.S.A. § 3013, and has made the required disclosure concerning defendant's Cash Management Account. See V.R.C.P. 4.2(f). We find no error in the court's assertion of jurisdiction over the Cash Management Account.

With respect to defendant's remaining policy arguments, we find them to be without merit. Merrill Lynch has submitted itself to jurisdiction,* and since the court retains personal jurisdiction over both plaintiff and defendant, see *Gates v. Gates*, 122 Vt. 371, 373, 173 A.2d 161, 162 (1961) (when personal jurisdiction is acquired over party in divorce

_____

* As a result of conflicting orders from courts in Texas and Vermont regarding the funds it holds in defendant's name, Merrill Lynch has filed an interpleader action in the federal District Court of Vermont.

action, it "persists through all proceedings deriving therefrom"); accord *Smith v. Lorillard, Inc.*, 945 F.2d 745, 746 (4th Cir. 1991) (once court has in personam jurisdiction over defendant in underlying action, it retains jurisdiction for ancillary remedy of garnishment), no jurisdictional infirmities exist to invalidate the order adjudging Merrill Lynch as trustee of defendant's funds.

*Affirmed.*

January 3, 1994. Plaintiff's petition for attorney's fees in the above-captioned matter is granted, and it is ordered that defendant shall pay to plaintiff attorney's fees and expenses in the amount of $4,257.68.