Trowell Trades Supply, Inc. v. Fineline Drywall, Inc., No. S1528-04 CnC
(Norton, J., Aug. 19, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been
reformatted from the original. The accuracy of the text and the
accompanying data included in the Vermont trial court opinion database is
not guaranteed.]

STATE OF VERMONT                              SUPERIOR COURT
Chittenden County, ss.:                    Docket No. S1528-04 CnC

TROWELL TRADES SUPPLY, INC.

v.

FINELINE DRYWALL, INC.

ENTRY

Following a default judgment and an elapsed appeals period,
Plaintiff Creditor moves for a writ of execution against Defendant Debtor
and moves for a judgment against Trustee, MacMillin Company.  As there
is no opposition to Creditor's first motion and the appeals period has
lapsed, the court grants the motion and shall issue a writ of execution
against Fineline Drywall, Inc.  As to the second question of whether

Creditor has a right to obtain a judgment from Trustee, a brief review of the facts and law is necessary.

From an April 15, 2005 default judgment, Creditor has a judgment lien of $46,000 on Debtor's assets. As part of an attempt to secure this judgment, Creditor served Trustee with process to secure money that it owed to Debtor. 12 V.S.A. § 3013. Prior to this action, Trustee had subcontracted with Debtor for drywall work on a number of jobs. Debtor did about $15,000 worth of work on the projects but did not finish. At the time Creditor served process, Trustee admitted that it owed Debtor $15,000 for work performed but stated that the sum was not certain as required under 12 V.S.A. § 3018 because Trustee had a contractual right to deduct completion costs from the amount owed. Subsequently, Trustee made one payment directly to an employee of Debtor for $6,000. Trustee now offers affidavits and contracts showing that in fact it incurred completion costs of $52,000, which exceeded the amount owed and should cancel its balance as a trustee.

Under the relevant statute, a trustee is liable only for "[a]ny money or other thing due the [debtor] . . . provided it is due absolutely and without contingency." 12 V.S.A. § 3018; see also § 3019 (the contingency must date from the time of service). Courts interpreting these sections have emphasized that a contingency means that the existence and the amount is in question and not merely the liability. Ricker v. Lajoie, 314 F. Supp. 401, 402–03 (D.Vt. 1970).

As specific application of this principle, a trustee may deduct from its obligation to debtor any demands the trustee has under a contract with the debtor. § 3076. This limitation prevents Creditors from selectively looking at the debtor–trustee contractual relationship, but it also limits a

Trustee to contractual relationships when seeking to apply the exception. See <u>Johnson v. Howard</u>, 41 Vt. 122, 125–27 (1868) (Town unable to deduct taxes owed to cancel trustee process on contractual amounts owed to debtor).

Here Trustee and Debtor had a contract for a series of projects. Trustee's credit toward debtor was at all relevant times contingent on the Debtor either completing the project or for any penalties incurred for breach. Trustee has submitted evidence that such penalties, in the form of closing costs, were, in fact, incurred because Debtor stopped performance and never resumed. None of these obligations were formed after Creditor served Trustee with process. What has changed is merely the subsequent calculations that Trustee warned in its answer to Creditor's disclosure. Therefore, since the $14,000 was not an amount absolutely due and was subject to contractual contingencies allowable under § 3076, Creditor's motion for judgment against Trustee must be denied.

Finally, Trustee's payment of $6,000 to an employee of Debtor falls squarely into another exception allowed under 12 V.S.A. § 3021. <u>Merrimack Sheet Metal v. Liv-Mar, Inc.</u>, 147 Vt. 85, 89–90 (1986). This exception protects wage payments from the trustee process. While this does not apply to profits, it does allow direct payments of wages to employees. In this case, Trustee's payments went directly to an employee as payment for work that he performed. By virtue of § 3021, it is protected from the trustee process.

Based on the foregoing, Plaintiff's motion is Granted in part and Denied in Part.

Dated at Burlington, Vermont_____, 2005.


Richard W. Norton, Judge