Deutsche Bank Nat'l Trust Co. v. Parisella, No. S0758-09 CnC (Toor, J., Oct. 25, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for FFMLT Trust 2005-FF11, Mortgage Pass Through Certificates Series 2005-FF11,<br> Plaintiff<br><br> v.<br><br>KEITH PARISELLA<br>FIRST FRANKLIN FINANCIAL CORPORATION,<br> Defendants | Docket No. S0758-09 CnC |

RULING ON MOTION TO DISMISS

Plaintiff Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2005-FF11, Mortgage Pass Through Certificates Series 2005-FF11 (Deutsche Bank) seeks to foreclose certain real property in Burlington, Vermont owned by Defendant Keith Parisella. Among the motions currently pending is Parisella's motion to dismiss, in which he asserts that Deutsche Bank has failed to allege any facts that would establish its right to enforce the mortgage; that Deutsche Bank lacked standing to sue in foreclosure at the time it filed its complaint; and that the court therefore lacks subject matter jurisdiction.[1] Richard J. Volpe, Esq. represents Deutsche Bank; Grace B. Pazdan, Esq. has entered a limited appearance on Parisella's behalf for the purpose of filing and arguing the pending motion to dismiss.

---

[1] Although Parisella says his motion to dismiss is pursuant to V.R.C.P. 12(h)(3), the court treats it as a motion pursuant to V.R.C.P. 12(b)(1). Rule 12(h)(3) merely assures that a Rule 12(b)(1) motion may be raised at any time. Poston v. Poston, 161 Vt. 591, 592 (1993) (mem.).

## Background

In its complaint, Deutsche Bank alleges that Parisella executed a note in favor of "Nationpoint" with a principal amount of $195,200.00. Compl. ¶ 5 (filed June 15, 2009). In support, Deutsche Bank cites Exhibit A, which it asserts is a copy of the note. Exhibit A appears to be a note executed by Parisella in favor of Nationpoint, a Division of National City Bank of Indiana. At the top of the exhibit is what appears to be a stamp stating "Certified to be a true and correct copy of the original," with a signature over the stamp. The signature page of the note as it appears in Exhibit A bears Parisella's signature, but no endorsements. No allonge is attached to Exhibit A.

Deutsche Bank also alleges that the note is secured by a mortgage deed from Parisella to Nationpoint. Id. ¶ 6. In support, Deutsche Bank cites Exhibit B, which it asserts is a copy of the mortgage. Deutsche Bank further asserts that the mortgage was assigned to it. Id. In support, Deutsche Bank cites "Exhibit C." No "Exhibit C" appears to accompany the complaint.

Parisella filed his motion to dismiss on August 25, 2010. As mentioned above, he argues in his motion that Deutsche Bank has failed to allege any facts that would establish its right to enforce the mortgage. Specifically, he notes the absence of Exhibit C, and asserts that even if the mortgage deed had been assigned to Deutsche Bank that does not establish the bank's entitlement to enforce the underlying obligation. As to that obligation, Parisella points out that the note Deutsche Bank cited in Exhibit A is payable to Nationpoint (not Deutsche Bank) and bears no endorsement from Nationpoint to Deutsche Bank or otherwise.

2

In opposition to Parisella's motion, Deutsche Bank cites no authorities, but writes only as follows:

> NOW COMES the Plaintiff and respectfully requests that this Honorable Court DENY the Defendant's Motion to Dismiss. The Plaintiff is the current holder of the note and assignee of the mortgage.
>
> 1. Plaintiff is the holder of the Note which is endorsed in blank. Under the UCC, a note endorsed in blank is bearer paper and its holder has the right to enforce.
> 2. Further, the Plaintiff is the assignee of the mortgage as evidenced by the assignment of mortgage attached hereto and also as recorded in the land evidence records.
>
> WHEREFORE, the Plaintiff respectfully requests that the Defendant's Motion be DENIED.

Opp'n (filed Sept. 7, 2010). Attached to Deutsche Bank's opposition is what appears to be another copy of the note, except that the signature page bears two endorsements: one from NationPoint to First Franklin Financial Corporation (First Franklin) signed by Bill Cordray as the "Funder," and a second in blank from First Franklin, also signed by Bill Cordray as the "Funder." There is no indication as to the date of the endorsements. Also attached to the opposition is a copy of a document dated April 28, 2009 and entitled "Assignment of Mortgage" under which First Franklin assigns the mortgage to Deutsche Bank.[2] The assignment appears to have been recorded in the Burlington Land Records on May 22, 2009.

In reply, Parisella makes two arguments. First, he asserts that Deutsche Bank's claim that it is the current holder of the mortgage note is "suspect" because: (1) Deutsche Bank has filed two different copies of the note, representing that each is an original copy; (2) the purported endorsements lack credibility because both are signed by the same person acting as an agent of both the original lender and the first transferee; and (3)

---

[2] Presumably this is the document that Deutsche Bank was referencing when it cited "Exhibit C."

3

Deutsche Bank has not supplied an affidavit of a document custodian or any agent with personal knowledge of the purported assignments. Second, Parisella argues that even if Deutsche Bank could prove that it is the current holder of the note, Deutsche Bank has provided no evidence that it held the note at the time it filed its complaint. Deutsche Bank has not filed a surreply.

Discussion

The court begins with Parisella's second argument, which raises an issue that has become a "'hot topic' in the wake of the sub-prime mortgage market collapse and the vast number of mortgage foreclosures filed nationwide." U.S. Bank Nat'l Ass'n v. Berg, 2010 WL 3932984, at *2 (N.J. Super. Ct. App. Div. Oct. 5, 2010) (per curiam). Parisella has cited two New York cases for the propositions that a party must have standing at the outset of litigation, and that a defect in standing at that time cannot be cured. In U.S. Bank National Ass'n v. White, Mortgage Electronic Registration Systems, Inc. (MERS) apparently assigned a note and mortgage to the plaintiff-bank 202 days after the bank brought its foreclosure complaint. No. 32112/07/07, 2009 WL 159588, at *1 (N.Y. Sup. Ct. Jan. 23, 2009). The White court concluded that the plaintiff lacked standing on the day it filed suit because it did not own the mortgage and note on that day. Id. at *3. The court therefore dismissed the case for lack of standing. See id. at *2 ("Plaintiff U.S. BANK lacks 'standing' to bring the instant action.").

In Washington Mutual Bank v. Patterson, the plaintiff-bank instituted a foreclosure action on September 4, 2007. No. 33435/07, 2008 WL 5233195, at *1 (N.Y. Sup. Ct. Dec. 15, 2008). MERS assigned rights to the plaintiff on September 17, 2007, stating that the assignment was effective as of July 29, 2007. Id. The court concluded

4

that the plaintiff had failed to demonstrate that it was the holder of the note and the mortgage at the outset, and thus had failed to establish that it had standing. Id. at *2.

Some explanation of the standing doctrine is necessary before proceeding further. "[S]tanding is a necessary component of the court's subject-matter jurisdiction . . . ." Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235. "Standing embodies a core constitutional component and a prudential component of self-imposed judicial limits." Hinesburg Sand & Gravel Co. v. State, 166 Vt. 337, 341 (1997). To have constitutional standing, a plaintiff "must have suffered a particular injury that is attributable to the defendant and that can be redressed by a court of law." Bischoff, 2008 VT 16, ¶ 15. (quoting Parker v. Town of Milton, 169 Vt. 74, 77 (1998)); see also Hinesburg Sand & Gravel Co., 166 Vt. at 341 (listing constitutional elements as "(1) injury in fact, (2) causation, and (3) redressability.").

"The prudential elements of standing include the general prohibition on a litigant's raising another person's legal rights, the rule against adjudication of generalized grievances, and 'the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.'" Hinesburg Sand & Gravel Co., 166 Vt. at 341 (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)); see also Bischoff, 2008 VT 16, ¶ 21 ("[O]ne of the fundamental principles underlying the standing requirement . . . is a 'general prohibition on a litigant's raising another person's legal rights.'" (quoting Hinesburg Sand & Gravel Co., 166 Vt. at 341)).

It might be possible to analyze this case under the doctrine of prudential standing. See In re Montagne, 421 B.R. 65, 79 (Bankr. D. Vt. 2009) ("[T]he question of who may properly enforce a note is a question of prudential standing . . . ."). Indeed, one way of

5

framing the question here is whether Deutsche Bank's complaint raised rights that actually belonged to Nationpoint or First Franklin. Under that analysis, one might conclude that Deutsche Bank could cure a defect in prudential standing. See IP Innovation, L.L.C. v. Google, Inc., 661 F. Supp. 2d 659, 663 (E.D. Tex. 2009) ("A plaintiff cannot cure constitutional standing defects after it files suit, but a plaintiff with constitutional standing may cure prudential standing defects after it files suit."); Lavaggi v. Republic of Argentina, No. 04 Civ. 5068(TPG), 2008 WL 4449347, at *2 (S.D.N.Y., Sept. 30, 2008) ("Unlike a deficiency in constitutional standing, a failure to satisfy the prudential requirements of standing can be cured after the complaint is filed."); Lucent Technologies, Inc. v. Gateway, Inc., Civil Nos. 02CV2060-B(CAB), 03CV0699-B (CAB), 03CV1108-B (CAB), 2007 WL 1306535, at *4 (S.D. Cal. Apr. 27, 2007) (holding that a "party may cure" prudential standing defects in patent litigation).

That analysis notwithstanding, the court cannot avoid the question of Deutsche Bank's constitutional standing. See Household Fin. Corp. II v. Perkins, No. 972-12-08 Rdcv (Vt. Super. Ct. Oct. 28, 2009) (Cohen, J.), available at http://www.vermontjudiciary.org/2006Present%20TCdecisioncvl/2009-10-29-4.pdf ("[T]he court is obligated to ensure that the plaintiff has standing to bring the foreclosure action."). The material time for evaluating Deutsche Bank's constitutional standing is the time the complaint was filed. See Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc., 528 U.S. 167, 189 (2000) ("The requisite personal interest . . . must exist at the commencement of the litigation . . . ." (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997)); Lujan v. Defenders of Wildlife, 504 U.S. 555, 569 n.4 (1992) ("It cannot be that, by later participating in the suit, the State Department and

6

AID retroactively created a redressability (and hence a jurisdiction) that did not exist at the outset."); Robidoux v. Celani, 987 F.2d 931, 938 (2d Cir. 1993) ("material time" for purposes of constitutional standing was "the time the complaint was filed").

The court concludes that a plaintiff seeking foreclosure lacks standing unless it can show it was entitled to enforce the mortgage at the time it filed its complaint for foreclosure. See St. Clair Intellectual Prop. Consultants, Inc. v. Palm, Inc., No. 06-404-JJF-LPS, 2009 WL 1220546, at *6 (D. Del. May 4, 2009) (if plaintiff had no legal interest at the time it initiated suit, then it lacked constitutional standing, for which there could be no "retroactive remedy"); Proctor & Gamble Co. v. Paragon Trade Brands, Inc., 917 F. Supp. 305, 310 (D. Del. 1995) (noting that "[a]s a general matter, parties should possess rights before seeking to have them vindicated in court"; discussing the dangers of abstract disputes, multiple litigation, and delay; and concluding that "a party must have standing to bring a patent infringement claim at the time it is brought"). In addition, if a plaintiff could file suit before it acquired any interest in the litigation, the plaintiff might be able to circumvent the statute of limitations. The court believes that plaintiffs seeking foreclosure should be required to articulate at the commencement of their case precisely how they are entitled to enforce the obligation.[3]

Other courts have reached similar conclusions. See In re Foreclosure Cases, 521 F. Supp. 2d 650, 653 (N.D. Ohio 2007) ("[S]tanding is determined as of the time the complaint is filed. . . . To show standing, then, in a foreclosure action, the plaintiff must show that it is the holder of the note and the mortgage at the time the complaint was

---

[3] Although the most recent changes to V.R.C.P. 80.1 do not affect this case, the new provisions will hopefully accomplish just that. See V.R.C.P. 80.1(b) ("The plaintiff shall attach to the complaint copies of the original note and mortgage deed and proof of ownership thereof, including copies of all original endorsements and assignments of the note and mortgage deed.").

7

filed."); <u>Deutsche Bank Nat'l Trust Co. v. Bialobrzeski</u>, 3 A.3d 183, 189 (Conn. App. Ct. 2010) (foreclosure case remanded for factual determination as to whether the foreclosing bank owned or held the note at the time the action was commenced); <u>Lasalle Bank Nat'l Ass'n v. Ahearn</u>, 875 N.Y.S.2d 595, 597 (N.Y. App. Div. 2009) ("Notably, 'foreclosure of a mortgage may not be brought by one who has no title to it' and an assignee of such a mortgage does not have standing to foreclose unless the assignment is complete at the time the action is commenced . . . ." (citations omitted)); <u>U.S. Bank Nat'l Ass'n v. Kimball</u>, No. 6-1-09 Gicv, slip op. at 4 (Vt. Super. Ct. Oct. 27, 2009) (Joseph, J.), <u>appeal docketed</u>, No. 2010-169 ("In order to enforce a mortgage note, a plaintiff must show that it was the holder of the note at the time the Complaint was filed.") (citing <u>In re Gilpin</u>, No. 09-10696 (Bankr. D. Vt., Oct. 7, 2009)).

The court recognizes that other courts have held to the contrary. <u>See</u> <u>HSBC Bank USA v. Thompson</u>, No. 23761, 2010 WL 3451130, at *12 (Ohio Ct. App., Sept. 3, 2010) ("[A]t least in the view of some districts in Ohio, if the note had been properly negotiated to HSBC, HSBC may have been able to claim standing, based on equitable assignment of the mortgage, supplemented by the actual transfer of the mortgage after the complaint was filed."); <u>Wachovia Bank, N.A. v. Cipriano</u>, No. 09CA007A, 2009 WL 3308733, at *5 (Ohio Ct. App., Oct. 13, 2009) (although Wachovia Bank was not the holder of the note when it filed its foreclosure complaint on June 14, 2007, it was the real party in interest and holder prior to any judgment, and thus trial court had subject matter jurisdiction). The court declines to follow these cases.

The parties have not cited, and this court has not found, any Vermont Supreme Court case addressing this particular issue. The court is aware that the Vermont Supreme

8

Court recently held that "where . . . a plaintiff acquires capacity to sue after the suit is filed, and before the action is dismissed for lack of capacity, the acquisition of capacity relates back to the filing of the action for all purposes, including compliance with the statute of limitations." Korda v. Chicago Ins. Co., 2006 VT 81, ¶ 16, 180 Vt. 173. Korda is distinguishable because its holding was on the specific issue of capacity rather than standing. See id. ¶ 14 ("Although the parties have characterized the issue as one of standing, the issue is really one of capacity.").

Nor does Mortgage Electronic Registration Systems, Inc. v. Saunders lead to a different conclusion. In that case, MERS filed a complaint for foreclosure, at which time Accredited Home Lenders, Inc. (Accredited) was actually the party entitled to enforce the rights granted in the mortgage. 2010 ME 79, ¶ 19, 2 A.3d 289. Five months after MERS filed suit, Accredited transferred the mortgage and note to Deutsche Bank National Trust Company. Id. Maine's Supreme Judicial Court concluded that the original plaintiff, MERS, was not the "mortgagee" and thus lacked standing to foreclose,[4] but that the trial court did not abuse its discretion by substituting Deutsche Bank for MERS. Id. ¶ 2. Saunders is distinguishable because it involved the substitution of the proper party, rather than a party who was improper at the outset attempting to remedy the problem mid-stream.

"[T]he burden of proof on a Rule 12(b)(1) motion is on the party asserting that subject matter jurisdiction exists . . . ." 5B Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1350. Here, there is no evidence in the record indicating that Deutsche Bank was the assignee of the note when it filed its complaint on June 15, 2009.

---

[4] Which, the court notes, is a result consistent with Judge Cohen's ruling in Mortgage Electronic Registration Service, Inc. v. Johnston, No. 420-6-09 Rdcv (Vt. Super. Ct. Oct. 28, 2009) (Cohen, J.), available at http://www.vermontjudiciary.org/TCDecisionCvl/2009-11-3-1.pdf.

9

Nor is there even an allegation to that effect. There is an allegation that the mortgage was assigned to Deutsche Bank before it filed its complaint, but since the note is a negotiable instrument, the transfer of the mortgage does not also transfer the note. See Restatement (Third) of Property, Mortgages § 5.4(b) & cmt. c. Therefore, for the reasons discussed above, the court concludes that Deutsche Bank's complaint should be dismissed for lack of standing.

Order

Parisella's motion to dismiss is granted.

Dated at Burlington this 25th day of October 2010.

_____
Helen M. Toor
Superior Court Judge