## Dawn Costello v. John P. Costello

[453 A.2d 1107]

No. 82-092

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed November 2, 1982

*Langrock Sperry Parker & Wool,* Middlebury, for Plaintiff-Appellee.

*John P. Costello,* pro se, Middlebury, Defendant-Appellant.

**Billings, J.** After a contested hearing the plaintiff obtained a divorce in Addison Superior Court on the ground that the

parties had lived separate and apart for six consecutive months, with the resumption of marital relations not reasonably probable. 15 V.S.A. § 551. The major asset of the parties was a home in Middlebury, Vermont, valued by the court at $48,200, and encumbered by a $5,000 mortgage which would be paid off in six years. In ordering disposition of the property pursuant to 15 V.S.A. § 751, the trial court awarded the home and its furnishings to plaintiff, with $15,000 to be paid to defendant without interest as follows: (a) $3,000 at the end of six years from the date of the court's decree, and (b) the balance in thirty days after the minor child of the marriage achieves the age of eighteen years or dies. The defendant appeals only that portion of the judgment dealing with the property disposition, asserting that it was an abuse of the trial court's discretion to defer payment of his share of the equity and to deny interest during the deferral period.

This case comes to us with a scant record. Although defendant appeared pro se on appeal, both parties were represented by counsel below. The parties waived findings of fact at trial, and the trial court on its own initiative supplemented its judgment with findings of fact as permitted under V.R.C.P. 52(a). Defendant moved that the trial court, pursuant to V.R.C.P. 59, open judgment and alter or amend those aspects of the judgment concerning the property division. After a hearing without a record, waived by both parties, the court amended its original ruling in minor respects not here contested, leaving the balance of its original findings undisturbed. Defendant then took this appeal pro se.

Defendant argues on appeal that the trial court abused its discretion in ordering deferred payment of his interest in the marital property, and that enforcement of the order would be inequitable. Before passing on this argument, we note that defendant neither questions the adequacy of the court's amended findings, nor claims that they were unsupported by the evidence. We have stated, however, that "where the court has helped our appellate process by making findings, they must be supportable." *Jensen* v. *Jensen*, 139 Vt. 551, 553, 433 A.2d 258, 260 (1981). Although the issue is not properly before this Court, we nevertheless conclude that on the limited record before us, such findings are amply supported.

126

As regards the order deferring payment of defendant's share of the equity, this Court has consistently held that within the bounds of 15 V.S.A. § 751, the disposition of property pursuant to a divorce decree is a matter of wide discretion for the trial court. *Jackson* v. *Jackson*, 139 Vt. 548, 550–51, 432 A.2d 1181, 1182–83 (1981) ; *Graziano* v. *Graziano*, 139 Vt. 403, 404, 431 A.2d 448, 448 (1981) ; *Field* v. *Field*, 139 Vt. 242, 244, 427 A.2d 350, 352 (1981) ; *Palmer* v. *Palmer*, 138 Vt. 412, 416, 416 A.2d 143, 146 (1980). This Court will not disturb such a decree "if a reasonable evidentiary basis supports the court's findings and the findings are sufficient to support the conclusions of law . . . ." *Emmons* v. *Emmons*, 141 Vt. 508, 511, 450 A.2d 1113, 1115 (1982) ; *Field* v. *Field*, *supra*, 139 Vt. at 244, 427 A.2d at 352. The defendant bears the burden of proving an abuse of discretion, and such abuse will be found only "if the trial court fails to exercise its discretion, exercises it for clearly untenable reasons or to an untenable extent." *Field* v. *Field*, *supra*; *Brooks* v. *Brooks*, 131 Vt. 86, 92, 300 A.2d 531, 535 (1973). Upon a review of the record before us, we cannot say that the court's discretion was either abused or withheld.

*Affirmed.*