# Joyce Jewell and Ralph Jewell v. William Jennings Dyer and Pike Industries, Inc.

[578 A.2d 125]

No. 89-138

Present: Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed June 29, 1990

*Timothy L. Taylor, Katherine P. Mosenthal* and *William H. Meub* of *Kelley, Meub, Powers & English, Ltd.*, Rutland, for Plaintiffs-Appellants.

*John D. Monahan, Jr.* of *Dinse, Erdmann & Clapp*, Burlington, for Defendants-Appellees.

**Peck, J.** Plaintiffs appeal from a jury verdict for defendants in an action for personal injury and loss of consortium. We affirm.

Joyce Jewell, the plaintiff, was involved in a motor vehicle accident with defendant William Jennings Dyer, who was driving a truck owned by defendant Pike Industries. Joyce Jewell sued for personal injuries sustained in the accident; her husband, Ralph Jewell, brought a derivative claim for loss of consortium. At trial, there was conflicting testimony about the circumstances of, and liability for, the accident. Defendant testified that he lost control of his truck as he was negotiating a downhill curve, crossed the center line, and came to a stop off the traveled portion of the road. He stated that approximately thirty seconds after he stopped, he saw plaintiff's pickup truck coming down the road. According to defendant, plaintiff lost control of her truck as she approached his vehicle; the pickup left the road and struck defendant's truck near the outside edge of the shoulder of the road.

Plaintiff's account was very different. She testified that both vehicles were moving when the accident happened, and that defendant's truck struck her pickup while she was taking evasive action to avoid a collision. The jury found plaintiff seventy percent responsible for the accident, assigning the remaining thirty percent of fault to defendant. Application of Vermont's comparative negligence statute, 12 V.S.A. § 1036, precluded any

recovery by plaintiffs. After the trial court denied plaintiffs' V.R.C.P. 59 motion for a new trial, this appeal ensued.

Plaintiffs maintain that the trial court erred in denying their motion for a new trial without a hearing. They argue that the jury's verdict was illogical and against the weight of the evidence at trial, and that under the circumstances, denial of the motion was an abuse of discretion warranting reversal. Finally, they contend that the trial court's failure to instruct on unanimity in the jury verdict was improper, and that the verdict cannot be upheld on appeal.

■■ Plaintiffs assert that the trial court was required to hold a hearing on the motion for a new trial. We disagree. A hearing on a V.R.C.P. 59 motion, while generally favored as the better practice, is not mandatory, particularly where, as here, the moving party has failed to show prejudice flowing from the lack of a hearing. *Gardner v. Town of Ludlow*, 135 Vt. 87, 92, 369 A.2d 1382, 1385 (1977). Plaintiffs acknowledge that they are unable to demonstrate prejudice in this case, but suggest that since the trial court's denial was simply a notation on a motion entry form, unaccompanied by any findings or conclusions, "there must be some chance that oral argument would have made a difference, and that therefore prejudice did occur." Such speculation is insufficient to meet plaintiffs' burden of demonstrating prejudice on appeal to this Court. *Kalakowski v. Town of Clarendon*, 139 Vt. 519, 527, 431 A.2d 478, 482 (1981). In reviewing a trial court's ruling on a motion for a new trial, we are bound to uphold the decision where the trial court properly exercised its discretion in the matter, and where no abuse of that discretion has been shown. *Costa v. Volkswagen of America*, 150 Vt. 213, 217, 551 A.2d 1196, 1198 (1988). Plaintiffs argue that the trial court's discretion was abused because it was entirely withheld, or exercised in a clearly unreasonable fashion. *Lent v. Huntoon*, 143 Vt. 539, 552, 470 A.2d 1162, 1171 (1983). We cannot agree.

■ The trial judge must weigh the evidence in the light most favorable to the verdict, and may not disturb the verdict unless it is clearly wrong. *Costa*, 150 Vt. at 217, 551 A.2d at

1199. Plaintiffs urge adoption of a different standard, for policy reasons, and also contend that the evidence was overwhelmingly in their favor. We decline to abandon the settled standard in these cases, and our review of the record does not support plaintiffs' contentions.

■ ■ This Court does not resolve factual disputes; that is the jury's responsibility. *Turgeon v. Schneider*, 150 Vt. 268, 271, 553 A.2d 548, 550 (1988). "Where there is conflicting evidence on what occurred, it is up to the jury to weigh the evidence and the relative credibility of the witnesses." *Id.* In this case, the jury was required to reconcile sharply conflicting accounts of the accident. Eyewitness accounts were at variance with one another, and other witnesses called by plaintiffs gave different accounts of the weather conditions at the time of the accident from that in defendant's testimony. Nevertheless, it is precisely the function of the jury to weigh the evidence in reaching a verdict. *Id.*

■ On cross-examination, the state trooper and other witnesses called by plaintiff made statements corroborating defendant's assertions. Defendant's testimony is not so riddled with inconsistencies as plaintiffs contend, nor is his account "anything approaching a physical impossibility." *Sunday v. Stratton Corp.*, 136 Vt. 293, 308, 390 A.2d 398, 406 (1978). Our review of the record discloses that there was sufficient evidence to support the jury's verdict, and we will not disturb their decision on appeal.

■ The trial court ruled on the motion for a new trial approximately one day after the defendants filed a response to plaintiffs' motion. The court denied the motion by checking a box on the standard entry order motion form. Plaintiffs maintain that the trial court's actions indicate a failure to give the motion due consideration and, therefore, the court withheld its discretion by its summary treatment of the matter. We are reluctant to hobble the trial court in its efforts toward speedy resolution of disputes by insisting that a specific length of time must pass before a court may rule on a motion before it. Furthermore, as noted earlier, though we agree with plaintiffs that

a hearing would have been preferable, we do not find that the court abused its discretion by denying the motion by a notation on the motion form.

■ ■ Plaintiffs' final argument concerns the jury charge. They claim that reversal is warranted because the trial court failed to instruct the jury on the requirement of a unanimous verdict. See V.R.C.P. 48. Since plaintiffs failed to make timely objection to the charge at trial, their claim is waived on appeal. V.R.C.P. 51(b); *Lewis v. Lewis*, 149 Vt. 15, 23, 538 A.2d 170, 173 (1987). Even if the court's failure to charge on unanimity constituted error, and had been preserved for review on appeal, it was harmless. A party challenging the trial court's instruction must show that the charge was erroneous and that prejudice resulted. *Sachse v. Lumley*, 147 Vt. 584, 588, 524 A.2d 599, 601 (1987). In this case, the jury was obliged to decide the respective negligence of plaintiff and defendant; after the foreman announced the verdict, the court inquired whether the verdict was unanimous, and the foreman replied that it was. The transcript continues:

THE COURT: Ladies and gentlemen, is that the verdict of all of you?

(The entire jury panel indicated in the affirmative).

Under the circumstances, the court's failure to charge on unanimity did not result in prejudice to plaintiff.

*Affirmed.*