## Carlton Williams v. Bruce B. Williams

[613 A.2d 200]

No. 91-452

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed June 26, 1992

---

*Gwendolyn W. Harris* of *McCarty Law Offices*, Brattleboro, for Plaintiff-Appellee.

*Thomas W. Costello* and *Dianne L. Kenney*, Law Clerk (On the Brief), Brattleboro, for Defendant-Appellant.

**Gibson, J.** Defendant husband appeals from a divorce judgment, contesting the Windham Family Court's award of the marital property and its determination of the parties' parental rights and responsibilities. We reverse the property award.

The parties were married in 1984 and separated in 1989. A daughter was born to the parties in 1986. During the marriage, plaintiff was employed as an educator, and defendant was a bookkeeper and office manager until late 1988, when he became a self-employed film maker and graphic artist. The parties con-

tributed equally to the purchase of their marital home in Townshend, which was acquired for $64,000. After its acquisition, defendant contributed additionally to the value of the home, which has a present net equity of $115,000.

The trial court granted the divorce and awarded primary physical and legal responsibility for the child to plaintiff, subject to defendant's rights of visitation, with defendant to pay temporary support of $84 per week pending further hearing before a magistrate. The court awarded the marital home to plaintiff, subject to a $25,000 lien payable to defendant upon remarriage of plaintiff, or sale of the property, or when their daughter becomes eighteen years of age, whichever should first occur. The court also awarded plaintiff a ring that defendant had given her, which defendant asserted was a family heirloom. The present appeal followed.

■ Defendant argues first that the trial court erred in failing to grant his request for oral argument or an opportunity to present evidence on his post-trial motions, and in failing to disclose the basis for its decision on these requests. He contends that in *Goshy v. Morey*, 149 Vt. 93, 539 A.2d 543 (1987), this Court read V.R.C.P. 78(b) to require a hearing on such motions. But as we pointed out in that case, the last clause of V.R.C.P. 78(b) makes clear that the question of whether to hold a hearing on a post-trial motion is within the discretion of the trial court: "Under V.R.C.P. 78(b)(2), a hearing is waived unless requested and 'in any case' the court can decline to hear oral argument and may dispose of the motion without hearing, or argument." *Id.* at 96, 539 A.2d at 545. We held in *Goshy* that "where there has been a dismissal by default or in the nature of nonsuit, . . . the court deciding the Rule 60(b) motion must hold a hearing to allow oral argument and, if necessary, the taking of evidence." *Id.* at 99, 539 A.2d at 547. That circumstance does not apply here, however, where a trial on the merits had just been held.

■■ The standard of review in cases like *Goshy* is narrow and depends on an affirmative showing that the trial court's discretion has been abused or withheld. *Id.* at 95, 539 A.2d at 545. In the present case, defendant's motions identified evidence he wished to offer, but in each instance the offers related to issues on which ample evidence had been presented to the

court at trial. Specifically, defendant sought to demonstrate that his overall earnings during the course of the marriage were comparable to plaintiff's, that he had invested the family gifts and legacy he had received "to the benefit of the family, both individually and as a unit," that he had contributed marital assets to the extent, or in excess, of what he "should have" contributed, and that he "has and will continue to contribute to the support of the minor child as he 'might be expected.'" The evidence in this four-day trial was voluminous, and the points defendant sought to raise in post-trial motions had all been presented thoroughly at trial. There was no error in the procedure followed by the trial court.

■ Defendant next argues that the court erred in its treatment of the child support issues. The court declined to enter a final support order, leaving that task to the family court magistrate. The court's order was one for "partial support and maintenance of the minor child of the parties, Aislinn, on an interim basis." This part of the order effectively denied defendant's motion for modification of an earlier temporary support order. The court was free to await a decision by the magistrate on the question of support prior to acting on the issue. 4 V.S.A. § 461(a). It appears from the record that the matter of support was before the magistrate at the time the trial court entered its order. Any order of the magistrate is appealable under 4 V.S.A. § 465 to the family court, not to this Court. The record is uncertain as to whether the magistrate has yet to enter a final order, but it is clear that the final support issue is not now before us.

■■ Defendant next argues that the court abused its discretion in awarding the homeplace to plaintiff. As we have often stated, the discretion of the trial court in this area is broad. *Scott v. Scott*, 155 Vt. 465, 471, 586 A.2d 1140, 1144 (1990). In the instant case, the court's award was amply supported by the evidence. The court acknowledged that defendant had contributed more to the value of the marital residence than had plaintiff, but balanced that factor against additional factors under 15 V.S.A. § 751, giving particular weight to defendant's failure to "produce income commensurate to his capabilities in the past." The court explained:

> The Defendant's financial contributions have exceeded that of the Plaintiff; however, considering the other factors set

forth in 15 V.S.A. § 751 and in particular the source and amount of the income of the parties, the value of all other marital assets, the need of the parties and the nonmonetary contribution of the Plaintiff as a homemaker, the court concludes first that that property should be decreed to the Plaintiff and further, that the equity in that property should be divided on the basis of the Plaintiff receiving a larger portion of that equity than the Defendant.

Defendant does not demonstrate why the division of the net equity in the homeplace is in violation of the standards set forth in 15 V.S.A. § 751.

■ Defendant contends that the court erred in failing to award interest during the passage of time until he realizes his $25,000 share in the homeplace. It is clear from the findings and conclusions that the court intended to award plaintiff a larger portion of the parties' net equity in the marital home and give title to plaintiff, subject to a lien in favor of defendant to secure his portion. The $25,000 was to be paid when the daughter turned eighteen some fourteen years after issuance of the judgment, or earlier, should plaintiff remarry or sell the property. While we have no difficulty with the division arrived at by the court or with the award of title to plaintiff, we agree with defendant that giving him a lien for a specific amount without some protection against the likely erosion by inflation over a period as long as fourteen years is inequitable and an abuse of discretion. See *Panozzo v. Panozzo*, 93 Ill. App. 3d 1085, 1091, 418 N.E.2d 16, 21 (1981) (modification of lien ordered where trial court had allowed lien on marital home for specified amount to be paid, among other contingencies, when youngest child became eighteen). But see *Costello v. Costello*, 142 Vt. 124, 126, 453 A.2d 1107, 1108 (1982) (trial court did not abuse discretion in deferring payment without interest of portion of husband's share of equity in parties' home for six years and deferring payment of remainder until minor child reached age eighteen).

It is axiomatic that the present value of a fixed sum to be paid at a future date is smaller than the face amount of the sum, and that the value decreases the longer the delay until payment. Had the court provided a reasonable rate of interest during the

waiting period or divided the award on a percentage basis so that the impact of inflation on the respective interests of the parties would have been equal, it could have avoided the inequity. We therefore reverse the court's property award and remand for further proceedings.

■ Because all of the parties' marital assets will be subject to review on remand, we need not reach the question of the engagement ring. Nevertheless, because the issue will likely come up again, either before us or the trial court, we note that 15 V.S.A. § 751(b)(10) requires the court to consider, among other factors, the origin of the ring. There is nothing in the rule, however, that requires the court to base its award solely on that criterion, and defendant points to no rule barring the court from awarding a family heirloom to the opposing party. See *Colm v. Colm*, 137 Vt. 487, 491, 407 A.2d 184, 186 (1979) (source of property is not "single, or by any means governing, consideration in decreeing the property"). Absent an abuse of discretion, the award of the trial court will not be overturned. *Id.*

Finally, defendant argues that the court should not have allowed plaintiff to assert a physician-patient privilege to bar the testimony of the pediatrician who had cared for their child before and after the separation of the parties. Defendant maintains that the doctor's testimony would have assisted the court in weighing plaintiff's assertions about defendant's relationship with the child on the issue of the legal and physical responsibility for her. We need not reach the question of whether the privilege was improperly extended, however, because the findings and conclusions establish clearly that the trial court did not consider plaintiff's assertions in framing its order. Any error was harmless.

*The judgment with respect to the property award is reversed, and the matter is remanded for further proceedings in accordance with this opinion. In all other respects, the judgment is affirmed.*