**In re A.C.**

[641 A.2d 99]

No. 92-384

December 22, 1993. The father of the juvenile appeals the Caledonia Family Court's decision to terminate parental rights with respect to A.C., who is five years old and has been in the custody of the Department of Social and Rehabilitation Services (SRS) since September 1990. We affirm.

Appellant first challenges the court's decision to deny his postjudgment motions without a hearing. Appellant filed two postjudgment motions seeking a new termination hearing. The first alleged that the court took an unreasonable amount of time (five months) to issue its findings and that new evidence was now available on appellant's ability to resume parental duties. The second was filed by new counsel and was similar, but emphasized that appellant had had an inadequate opportunity to present his case because he was incarcerated at the time of the original hearing. This motion was accompanied by an affidavit from appellant stating he did not feel he had an adequate opportunity to present his case and he would show that he could resume parental responsibilities within a reasonable period of time. He did not specify the evidence that would substantiate this contention although the motion stated he was obtaining an expert to reevaluate him. He also itemized how he felt his appointed counsel had done a poor job for him in the original hearing.

Characterizing the second motion as one for a new trial because of ineffective assistance of counsel, appellant argues that he was entitled to a hearing on both postjudgment motions. Appellant was required to "set forth in concise language the grounds upon which the relief is requested." 33 V.S.A. § 5532(b); see also V.R.C.P. 7(b)(1) (motion "shall state with particularity the grounds therefor"); V.R.F.P. 2(a) (V.R.C.P. 7(b) applies in family court). Neither motion stated that ineffective assistance of counsel was the ground for relief. The criticism of counsel's conduct was primarily in the affidavit and made with respect to appellant's inability to prepare the case. We do not think the motions can be read to raise ineffective assistance of counsel.

Nor do we believe that the motions, as properly characterized, required a hearing. Appellant had tried to obtain a continuance of the termination hearing until after his release from jail, and the court denied it. Appellant has not challenged that denial here, nor did he ground the motion on any new matter. The court was not obligated to rehear the issue of the scheduling of the termination proceeding on the new trial motion. See *Williams v. Williams*, 158 Vt. 574, 576–77, 613 A.2d 200, 201 (1992).

Nor did the allegation of defendant's improved ability to parent A.C. require a hearing. Appellant went through short periods during which he visited regularly with A.C., and sought services to improve his parenting ability, only to regress primarily because he was in jail. This issue was, of course, the focus of the termination hearing, and the court was not required to rehear an issue on which the evidence was "voluminous." *Id.* at 577, 613 A.2d at 201. A short period of improvement was not sufficient to demonstrate appellant could assume full parental responsibilities in a reasonable period of time. Indeed, the court's original findings clearly stated that even if appellant overcame his serious problems as quickly as possible, the time to reunification would not be reasonable. The court was within its discretion to find that the vague allegations of improvement did not demonstrate a material issue of fact such as to warrant a hearing. See V.R.C.P. 78(b)(2) (vesting court with discretion to dispose of motion without hearing or argument).

Appellant argues on both motions, however, that the court acted prematurely, that is before his time for requesting submission of evidence expired. See V.R.C.P. 7(b)(4) (party may request opportunity to present evidence up to five days after service of the memorandum in opposition to the motion). Here, he had already submitted an affidavit, however, and that affidavit specified other evidence he thought relevant. Since appellant had already presented evidence and specified the evidence he thought relevant, the court was not obligated to wait for a further filing before it ruled on the motion.

Even if there had been error because of premature action, we would not reverse on this record. We have held that failure to grant a hearing on a motion for a new trial will not be grounds for reversal absent a showing of "prejudice flowing from the lack of a hearing." *Jewell v. Dyer*, 154 Vt. 486, 488, 578 A.2d 125, 127 (1990). Application of this rule here imposed a duty on appellant to show what evidence he would have offered at a hearing if it had been held. He has made no such showing either here or in the trial court.

Finally, appellant argues that the court failed to find the necessary changed circumstances to warrant termination of parental rights. Changed circumstances are most often shown by stagnation or deterioration in the ability to parent. See *In re J.M.*, 160 Vt. 146, 149, 624 A.2d 362, 364 (1993). Here, the court found that in the almost two years A.C. had been in SRS custody, appellant had been incarcerated for over a year of that period. Additionally, the court found that he did not have a history of stable employment. The court also found that appellant's relationship with A.C. had grown distant and that he "suffers from a number of substance abuse and psychological problems which . . . continue to impair his ability to adequately parent" A.C. It found that successful pursuit of programs to address these problems would take a minimum of eighteen

months. It concluded that appellant "failed to reasonably and consistently pursue reunification goals and objectives, in large part, but not solely, because of his periods of incarceration, for which he must bear the responsibility."

The findings support changed circumstances based on stagnation. There is no error.

*Affirmed.*

Motion for reargument denied February 1, 1994.