### Donald and Jourdaine SHAW v. Joan BARNES

[693 A.2d 710]

No. 95-656

March 21, 1997. Plaintiffs, who suffered damages when their car was struck from behind by a car driven by defendant, appeal from a jury verdict in defendant's favor and a decision by the Addison Superior Court denying their post-trial motions. We affirm.

Plaintiffs sued defendant in negligence for personal injuries, after defendant's automobile struck the rear of an automobile occupied by driver Donald Shaw and passenger Jourdaine Shaw. The parties' versions of the accident vary considerably, but both agree that on an August morning in 1993, defendant was driving south on Route 7 in Vergennes, directly behind plaintiffs' car. Defendant testified that as she approached the intersection, the cars ahead of her appeared to be moving slowly through the intersection and did not have their brake lights on. Defendant stated that as she slowed down, plaintiffs' vehicle stopped very abruptly. She claimed that as soon as she saw its brake lights go on she applied her own brakes. Nevertheless, defendant's car collided with the plaintiffs' vehicle. Defendant added that the surface of the road, which had just been paved, was oily. Defendant's statement that plaintiffs' car stopped suddenly was corroborated by a flag person at the site, who testified on defendant's behalf.

Plaintiffs testified to the contrary that traffic was not moving through the intersection and that defendant caused the collision because she was not prepared to stop. Plaintiffs also testified that defendant stated at the scene that she was driving a borrowed vehicle that was in poor running condition. Plaintiffs testified that their car was heavily damaged and that each sustained injuries — shoulder, neck, and back pains in Donald Shaw's case, and soft-tissue injury and neck pains in Jourdaine Shaw's case.

The jury returned a general verdict for defendant, and plaintiffs moved for judgment notwithstanding the verdict, or in the alternative, for a new trial. The motion was denied without a hearing, and this appeal followed.

A trial court has wide discretion in deciding whether to hold a hearing on a new trial motion. See *Jewell v. Dyer*, 154 Vt. 486, 488, 578 A.2d 125, 127 (1990); *Gardner v. Town of Ludlow*, 135 Vt. 87, 92, 369 A.2d 1382, 1385 (1977). Plaintiffs argue in effect that in certain cases a hearing is mandated, but our civil rules do not support the argument. See V.R.C.P. 78(b)(2) ("In any case, the court may decline to hear oral argument and may dispose of the motion without argument.").

Plaintiffs maintain that their grounds for a new trial in the present case were stated "with particularity." Even if particular pleading was the key to an automatic hearing, this motion would not meet the test. Plaintiffs' argument is general, not particular. They contend that the jury could not have rationally entered a verdict for defendant in light of the evidence presented at trial. They also argue that the jury was influenced by "outside factors" — foremost the mood of the country toward tort reform efforts. But this argument is mere speculation based on their proposition that there was no rational explanation for the verdict. Since plaintiffs do not state with particularity why the court should have conducted a hearing on their new trial motion, they are equally unable to indicate how they were prejudiced by the lack of a hearing. See *Jewell*, 154 Vt. at 488, 578 A.2d at 127 (rejecting appellant's speculation that hearing might have made a difference).

Plaintiffs' arguments on the merits of the court's denial of their motion for a new trial are also premised on their claim that the jury was indifferent to their evidence. Defendant, however, presented a different version of the facts. Given the conflicting evidence, a reasonable jury could have concluded that defendant kept "a proper lookout according to the circumstances then existing," per the unchallenged jury instruction. The court summarized the evidence supporting the jury verdict, including defendant's testimony about the reasonableness of her driving, the flag person's statement that plaintiffs' car stopped abruptly, and the oily road conditions.

In ruling on the motion, it was not the court's function to weigh the evidence as trier of fact, but rather to view it in the light most favorable to the jury's verdict. *Gregory v. Vermont Traveler, Inc.*, 140 Vt. 119, 121, 435 A.2d 955, 956 (1981); cf. *Young v. Lamson*, 121 Vt. 474, 478, 160 A.2d 873, 876 (1960) (failure to control speed and distance from car ahead to provide for contingency of sudden stop may constitute negligence; matter for jury to determine whether there was shortage of care). Only if the verdict was unsupported by the evidence did plaintiffs have a right to a new trial as a matter of law. *Hardy v. Berisha*, 144 Vt. 130, 134, 474 A.2d 93, 95 (1984). Plaintiffs did not meet this test at trial and do not do so here.

*Affirmed.*

Dooley, J., dissenting. I agree that plaintiff was not entitled to a hearing on his motion for a new trial. I also agree that a trial court must view the evidence in the light most favorable to the prevailing party and may not grant a new trial unless the jury verdict was clearly wrong. See *Hardy v. Berisha*, 144 Vt. 130, 134, 474 A.2d 93, 95 (1984). Moreover, the trial court has discretion in ruling on a new trial motion, and we can overturn the ruling only for abuse of discretion. See *Weeks v. Burnor*, 132 Vt. 603, 606, 326 A.2d 138, 139-40 (1974). Despite our very limited role, we should order a new trial. The verdict was clearly wrong, and it was an abuse of discretion not to overturn it.

Even if we view the facts in the light most favorable to defendant, she was negligent as a matter of law. The accident happened on Route 7 at a construction site. Plaintiff Donald Shaw stopped his vehicle in response to a flag person for the construction company, and defendant rear-ended it with her vehicle. Defendant put forward three explanations for her conduct: (1) plaintiffs' car stopped abruptly, (2) the newly paved road was oily, and (3) she was driving a vehicle loaned to her while her vehicle was being repaired and she was unfamiliar with it. The trial court did not accept the latter two reasons, but bought the first one: "[T]he other evidence — reasonable speed by defendant and sudden stop by plaintiffs — presented a substantial dispute for resolution by the jury."

The problem with defendant's first explanation is that it is directly contrary to the law. The rule is explained in *Ploesser v. Burlington Rapid Transit Co.*, 121 Vt. 133, 141, 149 A.2d 728, 733 (1959), a case in which a bus made an abrupt stop to avoid hitting a car ahead of it and, as a result, injured a passenger of the bus:

> Even in the operation of a private vehicle, the law requires the operator to govern his speed and maintain a reasonably safe distance behind the vehicle he is following *to provide for the contingency of the lead vehicle coming to a sudden halt.* In this situation, failure to so control the factors of time and space which results in the misfortune of injury constitutes negligence.

(Emphasis added). See also *Scrizzi v. Baraw*, 127 Vt. 315, 318-19, 248 A.2d 725, 728-29 (1968) (affirming directed verdict that defendant was negligent as matter of law in rear-ender case, quoting *Ploesser* standard); *Williamson v. Clark*, 103 Vt. 288, 292, 153 A. 448, 450 (1931) (motorist must govern speed to provide for contingency of car in front suddenly stopping).

The applicable standard of care fully answers defendant's argument that she rear-ended plaintiff because he stopped abruptly. Defendant was required to drive at such a rate of speed that she could avoid the collision if plaintiff stopped abruptly. It is undisputed that she violated this standard of care.

The trial court's holding would make sense if it stated that plaintiff Donald Shaw's abrupt stop created a jury question on whether he was negligent, to be compared with defendant's negligence under our comparative negligence law. This explanation is inapplicable, however, because the trial court refused to submit the question of plaintiff's negligence to the jury.

I agree with the trial court that the other justifications are insufficient. Defendant's best alternative was that the accident was caused by the oily condition of the road. Defendant admitted to seeing the roadwork and the construction activity. She also observed that the road was newly tarred. She testified to the road condition as a possible explanation for the collision. Knowing of the road condition, her obligation was to control her vehicle so she could come to a stop in these circumstances. See *Nicholson v. Twin State Fruit Corp.*, 113 Vt. 59, 62, 29 A.2d 819, 821 (1943). She failed to do so.

Defendant's argument that she should somehow be excused from the responsibility of rear-ending another vehicle because she was driving an unfamiliar loaned vehicle barely deserves mention. Obviously, she is responsible to be sufficiently competent in driving the vehicle to be able to avoid serious accidents.

Viewing the evidence most favorably to defendant, the verdict that she was not negligent is clearly wrong. The trial court refused to grant a new trial for untenable reasons. I believe we must correct the injustice of the defendant's verdict and order a new trial. Accordingly, I dissent.