*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2012-181

NOVEMBER TERM, 2012

| | | |
|---|---|---|
| Christine Castro | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Robert Doyle | } | DOCKET NO. 124-3-08 Rddm |

Trial Judge: Nancy Corsones

In the above-entitled cause, the Clerk will enter:

In this parentage action, father appeals the family division's determination on the basis of the pleadings that he failed to meet the threshold requirement of showing changed circumstances to modify parental rights and responsibilities with respect to the parties' daughter. We reverse and remand for the court to hold a hearing on father's motion and state the basis for its decision.

The record in this case is limited, but apparently mother was awarded sole parental rights and responsibilities over the parties' daughter in June 2008, with father having parent-child contact. In September 2008, father filed a motion to modify parental rights and responsibilities based on the fact that mother and her boyfriend had been charged with marijuana cultivation. The court issued an entry order noting that father had filed only copies of newspaper articles and not a sworn statement setting forth what he was seeking and the reasons for his request. The court ordered him to file a sworn statement within fifteen days, but he failed to do so, and the matter was dismissed.

In March 2012, father filed another motion to modify parental rights and responsibilities. In the motion, he specifically asked the court to schedule a hearing to consider his motion, stating in the accompanying affidavit, among other things, that: (1) mother and her boyfriend were arrested in September 2009 for cultivating marijuana close to their home where the parties' school-aged daughter also resided; (2) mother was given a deferred sentence for felony possession of marijuana; (3) mother's boyfriend served eighteen months in jail after being convicted of felony cultivation; and (4) in February 2013, mother's boyfriend, while on parole, was arrested in Louisiana for transporting fifteen pounds of marijuana and was currently jailed in Vermont awaiting extradition to Louisiana. The court ordered mother to respond to father's motion within twenty-one days. Mother filed a two-page, handwritten letter stating, among other things, that: (1) she had been on probation from the 2008 drug charges for three years and had not been charged with any new offenses; (2) she would complete her probation within the next six months and planned to attend nursing school; (3) her boyfriend was arrested in Louisiana while looking for a job, but the charges were dropped, and he would not be extradited to Louisiana; (4) his parole was revoked because he had not received permission to leave the state, and he was currently on furlough status; (5) the Department for Children and Families had followed up on father's false report of her and her boyfriend's drug use, and they were awaiting

the latest drug test results; (6) the parties' daughter was thriving in a great school; (7) father was not involved in their daughter's school activities; and (8) she had made every effort to foster contact between father and the parties' daughter despite his apparent disinterest. After receiving mother's letter, the court denied father's motion on a motion-reaction form with the following explanation: "Based upon the pleadings, it is clear that father has failed to allege a <u>real, substantial and unanticipated change in circumstances</u> since the last court order dated June 30, 2008."

Since the June 2008 order, mother was apparently convicted on drug charges, as was her live-in boyfriend. Further, the boyfriend, who apparently still lives with mother and the parties' school-aged daughter, was allegedly arrested again on drug charges almost four years later. We recognize that father has a heavy burden to show changed circumstances and that the family court has discretion to determine whether changed circumstances exist. See <u>Sundstrom v. Sundstrom</u>, 2004 VT 106, ¶ 29, 177 Vt. 577, 585 (mem.). While we do not conclude that father's alleged facts necessarily constitute changed circumstances, it is certainly not "clear" on the limited record before us that father has failed to allege a real, substantial and unanticipated change in circumstances since the June 2008 order. Nor does the court's brief statement provide any insight into its reasoning to support its determination that changed circumstances do not exist.

Father requested a hearing to consider his motion, which contained a sworn statement alleging potentially significant events in the life of the parties' child. On this record, we conclude that the court abused its discretion by not holding a hearing to consider father's motion. Cf. <u>Williams v. Williams</u>, 158 Vt. 574, 576-77 (1992) (concluding that the court did not abuse its discretion in refusing to hold hearing where issues father sought to raise in his post-trial motions had been addressed at trial).

<u>Reversed and remanded</u>.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

2