*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-282

DECEMBER TERM, 2013

| | | |
|---|---|---|
| Misty Bowen | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Family Division |
| | } | |
| Terrel Spearman | } | DOCKET NO. 661-8-10 Cndm |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

In this parentage action, the family court modified parental rights in February 2012, transferring custody of the parties' child from father to mother based on its finding that father was hindering parent-child contact. Specifically, the court credited mother's testimony that father failed to appear for parent-child transfers and did not find father credible in stating that he had been at the police station for the transfers, but mother was not present. Since then, father has attempted to regain custody by demonstrating that the court's findings were in error because mother was lying. Here, father seeks again to challenge the February 2012 order by submitting evidence in this Court demonstrating that he was at the police station for scheduled transfers. Father's appeal is untimely and is dismissed.

Following the transfer of custody in February 2012, father appealed to this Court. This Court affirmed the modification. See Bowen v. Spearman, No. 2012-089 (Vt. Aug. 29, 2012) (3-Justice unpub. mem.). We rejected father's argument that mother lied during the hearing, explaining that credibility determinations were left to the factfinder, and there was no abuse of discretion.

In September 2012, father filed a motion in the family court to reconsider the custody transfer and a motion to modify parental rights, attaching affidavits from the police department attesting that father was present for the arranged pickups and mother was absent on several occasions. In October 2012, the court denied modification, explaining that the February 2012 was now final and the law of the case. Father appealed, and on June 12, 2013, this Court affirmed. Bowen v. Spearman, No. 2012-446 (Vt. June 12, 2013) (3-Justice unpub. mem.). We explained that father's new evidence was insufficient to undermine the final February 2012 order. We acknowledged that father had documents demonstrating that mother was not present at the police station for scheduled transfers, but explained as follows:

> According to the documents, the instances occurred in December of 2012 and January and February of 2013. There is no indication that these documents are part of the record for this appeal, and, in any event, they are irrelevant to this appeal about events that occurred in February of 2012. To the extent that father claims mother failed to appear for exchanges at the Essex Police station

subsequent to the events involved in the appeal in this case—as the documentation in his printed case suggests—he of course remains free to file a new motion for enforcement or modification in the trial court.

On July 17, 2013, father filed a notice of appeal, stating that he was appealing the February 28, 2012 order regarding parental rights. He stated that mother lied to the court by stating that father was not complying with the court's contact order and he had police affidavits to prove it.

On October 1, 2013, this Court dismissed father's appeal as untimely, noting that it was filed beyond the thirty-day filing period because it was filed on July 17, 2013 and claimed to be appealing the February 28, 2012 order. V.R.A.P. 4(a). Father moved to reopen. He stated that he was appealing the most recent court decision, and was complying with this Court's instruction to resubmit his documents. This Court granted father's subsequent motion to reopen, stating that father's appeal on July 17, 2013 was timely to appeal an order appearing in the trial court docket on July 16, 2013.

The appeal is dismissed because it is untimely as to the February 28, 2012 order and there is no other appealable order to which the notice could apply. In reopening this case, this Court explained that father's July 17, 2013 notice was timely to appeal an order entered on July 16, 2013, but the July 16, 2013 order is a magistrate's order regarding child support, and appeals from a magistrate decision are on the record to the family division. 4 V.S.A. § 465; see V.R.F.P. 8(g) (describing procedures for magistrate appeals to family division); Williams v. Williams, 158 Vt. 574, 577 (1992) (explaining that appeals from magistrate decisions are to family division, not Supreme Court). In any event, father does not make any claim of error related to the child-support order. Father's brief relates solely to the issue of parent-child contact and father's continuing allegation that mother lied in the modification proceedings and therefore the February 2012 modification order should be reversed. This Court has no current jurisdiction to entertain an appeal from the February 2012 modification order. As this Court previously instructed, to the extent father seeks to modify custody based on more recent events, he can file a motion to modify in the trial court.[*]

Appeal dismissed.

---

[*] The trial court docket entries indicate that father is pursuing this avenue of relief. On July 16, 2013, father filed a motion to modify parental rights. On August 20, 2013, the court held a hearing and ordered mother to make visits happen or she would risk losing custody.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice