VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 21-CV-01852



| Stephanie Forest v. Lucas Hall et al |
|---|

# ENTRY REGARDING MOTION

Title:          Motion to Amend; Motion to Strike or Alter Judgment; Motion for Hearing
(Motion: 9; 10; 11)
Filer:          George E. Gay; Andrew C. Boxer; Andrew C. Boxer
Filed Date:     March 20, 2025; April 01, 2025; April 01, 2025

This case involves Plaintiff Stephanie Forest (Forest) suing Defendant Police Officers Lucas Hall (Hall) and Ryan Gardner (Gardner) for using excessive force during a traffic stop. Forest plans to introduce expert opinion testimony about police practices from Dr. Christopher Chapman at trial. On February 20, 2025, Hall filed a Motion in Limine to Strike the Expert Report and Anticipated Testimony of Expert Christopher Chapman. Hall asserts that Dr. Chapman impermissibly opines on ultimate legal conclusions, weighs witness credibility, and offers irrelevant policy compliance considerations. Forest did not respond to the Motion and the Court granted the Motion on March 17, 2025. Forest filed a Motion to Alter or Amend Judgment (Reconsider) and Request for Hearing on March 20, 2025, asking this Court to reconsider its decision. In response, Hall filed a Combined Motion to Strike and Response in Opposition to Plaintiff's Motion to Alter or Amend Judgment and Request for a Hearing.

The ruling on the motions, for the reasons herein, is:

1. Forest's Motion to Alter or Amend and Request for Hearing is granted in part and denied in part.

2. Hall's Motion to Strike is granted in part and denied in part.

**Discussion**

### I.      The Court will consider Forest's Motion.

Forest's reconsideration motion is not a Rule 59(e) motion. A Rule 59(e) motion may be filed after the entry of final judgment. See V.R.C.P. 58 (entry of judgment). A decision on a motion in limine does not put the case in a post-judgment phase. It remains in an interlocutory phase until final judgment is entered. While the case remains in an interlocutory phase, the Court retains intrinsic authority to revisit its earlier decisions. It is typically called upon to do so by an ordinary motion for reconsideration. See *Cho v. State*, 168 P.3d 17, 27 (Haw. 2007).

"The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* "Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Rossi v. Troy State Univ.*, 330 F.Supp.2d 1240, 1249 (M.D. Ala. 2002).

While the above precedents inform the Court's review, as Rule 54(b) provides, the Court retains extremely broad discretion to reconsider its interlocutory orders. V.R.C.P. 54(b) (interlocutory orders "subject to revision at any time" prior to entry of final judgment); see *Drumheller v. Drumheller*, 2009 VT 23, ¶ 36, 185 Vt. 417.

Here, the previous Motion was unopposed, so the Court granted the Motion to Strike the Expert Report. In its discretion, the Court will consider the motion to reconsider its previous interlocutory order since the Court now has the benefit of both Forest's and Hall's arguments on the matter.

### II. The request for a hearing is denied because the Court can rule based on the motion papers.

Both parties have requested that this Court hold a hearing on this matter. V.R.C.P. 7(b)(5) provides that the Court "may hold oral argument on [a] motion or may dispose of [a] motion without argument." see *SynEcology Partners, L3C v. Bus. RunTime, Inc.*, 2016 VT 29, ¶ 27, 201 Vt. 424 (noting that the civil rules give the trial court discretion to decline oral argument on motions in all cases citing *Shaw v. Barnes*, 166 Vt. 610, 610 (1997) (mem.)). Here, the Court has been briefed by both parties on this matter and can rule on the motion papers. Accordingly, the request for a hearing on this matter is denied.

### III. Dr. Chapman may testify at trial and embrace ultimate issues but cannot make legal conclusions in his testimony.

Evidence must at least be relevant to be admissible. V.R.E. 401 provides that relevant evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See also *State v. Picknell*, 142 Vt. 215, 230 (1982). "All relevant evidence is admissible …. Evidence which is not relevant is not admissible." V.R.E. 402.

The Supreme Court of Vermont has adopted the United States Supreme Court ruling in *Daubert*, which outlines the admissibility of expert testimony. *State v. Streich*, 163 Vt. 331, 342 (1995). In *Daubert*, the Court held that the trial judge determines whether to allow an expert witness to testify based on a finding of relevance and reliability. *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592 (1993). The Court acknowledged that the trial judge is a gatekeeper who must "ensur[e] that an expert's testimony both rests on a reliable foundation and a relevant to the task at hand." *Id.* at 597. Indeed, "[e]xpert evidence can be both powerful and quite

misleading because of the difficulty in evaluating it." *Id*. at 595. This framework has been codified in V.R.E. 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Moreover, V.R.E. 704 states that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." The Court has also concluded that since our rules of evidence are "essentially identical to the federal ones on admissibility and scientific evidence" it makes sense to adopt admissibility principles similar to those used in the federal courts. *State v. Brooks*, 162 Vt. 26, 30 (1993).

Concerning police practices, expert testimony must be helpful to the jury, more probative than prejudicial, and free of legal conclusions or factual determinations. See *Fate v. Vill. of Spring Valley*, No. 11 CIV. 6838 JPO, 2013 WL 2649548, at *5–6 (S.D.N.Y. June 13, 2013). While not required under Vermont law, expert testimony can be used to establish the necessary standard of care a police officer must exercise when using force to make an arrest. See *Coll v. Johnson*, 161 Vt. 163, 164 (1993). That said, there are limits as to what these experts may conclude in their testimony to avoid usurping the Court and jury from making legal and factual determinations, respectively.

Second Circuit caselaw informs this decision. That court has ruled that expert testimony about police conduct in an excessive force civil suit that expresses a legal conclusion must be excluded. *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992). There, William Hygh sued police officer William Jacobs under 42 U.S.C. § 1983 for constitutional violations related to his arrest, claiming excessive force, false arrest, and malicious prosecution. *Id*. at 361. At trial, Hygh introduced expert witness testimony from Professor Terry Cox, an expert on law enforcement practices. *Id*. The court took issue with Professor Cox's testimony that the officer's conduct was not "justified under the circumstances," not "warranted under the circumstances," and "totally improper." *Id*. at 364. The court reasoned that this testimony was improper and essentially told the jury what conclusion to reach. *Id*. The court also noted that expert testimony remains objectionable by communicating a legal standard—explicit or implicit—to the jury. *Id*. (citing *Andrews v. Metro N. Commuter R.R.*, 882 F.2d 705, 709 (2d Cir. 1989)).

As such, Dr. Chapman may not testify about his legal conclusions or matters left for the jury, like whether the force used was "justified" or "warranted." Dr. Chapman may not testify about the meanings of legal terms such as reasonable suspicion or probable cause since these are legal terms that Vermont has defined in statute and caselaw.

Additionally, Dr. Chapman may not make credibility determinations. "Credibility of witnesses is the sole province of the factfinder and not a proper subject for expert testimony…." *State v. Wetherbee*, 156 Vt. 425, 431–32 (1991). Thus, Dr. Chapman cannot testify about if Hall believed that Forest engaged in unlawful activity or perceived Forest as a threat.

Conversely, Dr. Chapman may testify as to matters like police training and standards and whether, in his opinion, the Defendants acted in conformance with those standards. These insights and will allow the jury to draw inferences from the testimony. Likewise, the jury can disregard the testimony and give it little to no weight. Moreover, Dr. Chapman may testify as to the standard that a reasonable officer would be held to in the same situation.

While the Court is allowing Dr. Chapman's testimony, Defendants are not at all precluded from making objections at trial. Dr. Hall's expert report may be amended to reflect this decision.

### Conclusion

The Motions are granted in part and denied in part. Dr. Chapman can testify but may not make legal conclusions or credibility determinations. Dr. Chapman is allowed to testify as to police practices, standards, and training that is helpful to the jury as factfinders. He may also testify as to what a reasonable officer would do in the same situation.

**Signed electronically May 15, 2025 pursuant to V.R.E.F 9(d).**

_____
**David Barra**
**Superior Court Judge**