VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      25-AP-028



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

OCTOBER TERM,   2025

| | |
|---|---|
| George Woods* v. Tina Heywood et al. | }  APPEALED FROM: |
| | }  Superior Court, Washington Unit, |
| | }  Civil Division |
| | }  CASE NO. 24-CV-03459 |
| | Trial Judge: Timothy B. Tomasi |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the dismissal of his civil complaint against defendants.  We affirm.

In September 2024, plaintiff filed a complaint against the Commissioner of the Department of Corrections (DOC), several DOC officials, and Superior Judges Thibault and Richardson.  He alleged that he was unlawfully incarcerated because his sentence was miscalculated by the DOC, and that defendants were aware of the miscalculation and had not corrected it.  He sought damages and injunctive relief.

Defendants moved to dismiss on the grounds of absolute immunity and issue preclusion. The trial court held that because plaintiff sought to hold defendants Thibault and Richardson liable for actions taken within the scope of their role as judges, they were entitled to absolute immunity from plaintiff's claims against them.  Similarly, the court concluded that Commissioner Deml was entitled to absolute immunity because plaintiff's claim against him was based on actions taken within the Commissioner's general authority to calculate sentences of prisoners.  The court also held that plaintiff's complaint was barred by issue preclusion because he had litigated the sentence calculation issue in both his criminal case and in a post-conviction relief action and the issue had been finally resolved against him in both cases.  The court therefore granted the motion to dismiss.

On appeal, plaintiff focuses primarily on his underlying claim that his sentence was miscalculated. He does not appear to challenge the trial court's conclusions that defendants Thibault, Richardson, and Deml were entitled to absolute immunity or that his claims against all defendants were barred by issue preclusion, but even if he did, we would affirm on both points.

Plaintiff's claims against both Superior Judges were based on rulings they issued in plaintiff's post-conviction relief case and one of his criminal cases. Even if, as plaintiff argues, the rulings were incorrect, they were plainly judicial acts that fell within defendants' general authority as judges. See Polidor v. Mahady, 130 Vt. 173, 174 (1972) ("So long as such an officer is performing an act that may be categorized as judicial, and its performance is within his general authority, his motive for acting is not subject to inquiry in a private suit."). Similarly, plaintiff's claim against Commissioner Deml is based on his alleged failure to supervise the DOC officials who calculate sentences. Because Commissioner Deml's alleged acts or omissions fall within his statutory authority to supervise the DOC, 28 V.S.A. § 102(b)(1), he is entitled to absolute immunity from plaintiff's civil suit. See LaShay v. Dep't of Soc. & Rehab. Servs., 160 Vt. 60, 64 (1993) ("Absolute immunity applies to judges, legislators and the state's highest executive officers when they are acting within their respective authorities.").

Plaintiff's complaint is also barred because his claims are all based on the alleged incorrectness of his sentence computation, which is an issue that has previously been litigated and decided against plaintiff. Issue preclusion bars an issue from being relitigated when the parties and issue are the same as in the prior action, the issue was resolved on the merits in a final decision, the parties had a "full and fair opportunity to litigate the issue in the earlier action," and "applying preclusion in the later action is fair." Trepanier v. Getting Organized, Inc., 155 Vt. 259, 265 (1990). These factors are satisfied here. The parties are the same: plaintiff and the State. The same issue, the correctness of plaintiff's sentence computation, was litigated and finally decided against plaintiff in both his criminal case and his post-conviction relief case. Plaintiff did not attempt to appeal the decision in the criminal docket and filed an untimely notice of appeal from the decision in the civil docket. Thus, both decisions are final. Plaintiff had a full and fair opportunity to litigate the issue, and it is fair to apply preclusion to avoid burdening the parties and the courts with successive litigation. The trial court therefore properly dismissed plaintiff's claims.

Plaintiff appears to argue that the court erred in granting the motion to dismiss without first holding a hearing. The Vermont Rules of Civil Procedure give the trial court discretion to dispose of any motion without a hearing. See V.R.C.P. 7(b)(5) (stating court "may dispose of the motion without argument"); Shaw v. Barnes, 166 Vt. 610, 610 (1997) (mem.) (noting trial court's "wide discretion" to decide whether to hold hearing on any motion). We therefore see no error. To the extent plaintiff is arguing that he was not afforded a proper hearing in a separate habeas case, that issue is outside the scope of this appeal.

Plaintiff also asserts that defendants supported their motion to dismiss with "fraudulent documents." He does not explain which documents he means or provide any support for this assertion. We therefore do not address this argument. See Johnson v. Johnson, 158 Vt. 160, 164

n.* (1992) (explaining that this Court will not address contentions so inadequately briefed as to fail to minimally meet standards of V.R.A.P. 28(a)).

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

William D. Cohen, Associate Justice