VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        25-AP-201



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2025

Laura Isham v. Zachary Isham*

}   APPEALED FROM:
}   Superior Court, Washington Unit,
]   Family Division
}   CASE NO. 194-9-20 Wndm
Trial Judge: Kristin Schoonover

In the above-entitled cause, the Clerk will enter:

Father appeals the family division's order denying his motion to modify parental rights and responsibilities for one of the parties' minor children and the court's subsequent denial of his post-judgment motions.  On appeal, father argues that the court failed to apply the statutory best-interests factors, erred in crediting mother's testimony, and erred in denying his post-judgment motions.  We affirm.

The court found the following.  The parties are parents to two boys, born in July 2018 and December 2019.  In 2021, the parties were divorced and the court granted mother sole legal and physical parental rights and responsibilities.  Mother and the children resided in Vermont.  Father was then living in Florida and was granted parent-child contact, with his time set to increase as the children grew older.  The parties modified the agreement in 2023 to increase father's contact in the summer to four weeks split into two two-week periods.

In October 2024, father moved to modify parental rights and responsibilities to have sole custody of the parties' older son and to increase parent-child contact with his younger son.  At that time, father was living in South Carolina, had remarried, and had a baby.  Father asserted that there was a change of material circumstances due to his son's escalating behavioral and educational needs, mother's allegedly inadequate response, and mother's lack of communication.

The court held a hearing on father's motion.  At the hearing, both parties were represented by attorneys and testified.  Father explained his concerns about the child's medical diagnoses and behavior, and mother's response.  Although the court declined to admit a medical report that was not properly authenticated, it did admit a forty-four-page medical history of the child's, which his attorney described as encapsulating all of father's concerns.  In her testimony,

mother described the steps she took to respond to the child's behavior and diagnoses. She also testified that the children's behavior regressed after visiting father.

The court made oral findings and determined that father had not met his burden of showing a significant, unanticipated change of circumstances. The court explained that a young child's behavioral challenges were not unanticipated, and that mother was responding appropriately. The court found that, even if the burden was met, father had not shown that a change in custody would be in the child's best interests given that it would require uprooting the child from his home, school, routine, and services in Vermont, and leaving behind his brother. Father filed various post-judgment motions to amend or vacate the judgment. Without a hearing, the court denied the motions. Father appeals.

To modify an order regarding parental rights and responsibilities and parent-child contact, the family division must first find that there has been a "real, substantial and unanticipated change of circumstances." 15 V.S.A. § 668(a). "There are no fixed standards to determine what constitutes a substantial change in material circumstances; instead, the court should be guided by a rule of very general application that the welfare and best interests of the children are the primary concern in determining whether the order should be changed." Maurer v. Maurer, 2005 VT 26, ¶ 7, 178 Vt. 489 (mem.) (quotations omitted). We review this threshold determination for abuse of discretion and will not reverse unless the court "exercised its discretion on grounds or for reasons clearly untenable, or if it exercised its discretion to a clearly unreasonable extent." Id. If the family division concludes that there was a change of circumstances, it must then consider whether the children's best interests warrant a modification of the existing order. 15 V.S.A. § 668(a); see id. § 665(b) (listing best-interests factors).

Father first argues that the court erred by failing to apply the statutory best-interests factors in its analysis. Because the court concluded that father did not meet his threshold burden of showing a real, substantial, and unanticipated change of circumstances, the court was not required to assess the statutory factors regarding the children's best interests. See Gates v. Gates, 168 Vt. 64, 69 (1998) (explaining that if court finds no change of circumstances, "court may dismiss the motion without reaching the merits of the action" and addressing factors regarding children's best interests). The court acted within its discretion here in determining that one child's behavioral issues and mother's response to those issues did not amount to an unanticipated and substantial change of circumstances. See id. (reiterating that whether required change has occurred is in court's discretion). The court reviewed the evidence submitted at trial, including lengthy medical records pertaining to the child's behavioral issues and mother's testimony regarding her response, and its decision was supported by that evidence.

Father contends that the court erred in crediting statements by mother that he characterizes as materially false and contradictory. He asserts that there was no support for mother's claim that their son returns from visits with father dysregulated, defiant, and chaotic, and in fact, this is contradicted by medical documentation. Essentially, father requests that we reweigh the evidence, which is beyond the role of this Court. See Chickanosky v. Chickanosky, 2011 VT 110, ¶ 14, 190 Vt. 435 (explaining that this Court relies on "family court's determinations of fact and evaluations of credibility"). "Because of its unique position as the trier of fact, the family court alone may evaluate the credibility of witnesses and the weight evidence should be afforded in making such an assessment." Id.

Father next argues that the family court erred in denying his post-judgment motions under Vermont Rules of Civil Procedure 59 and 60 without a hearing and without a more detailed explanation. After the court's denial of his motion to modify parental rights, father's attorney withdrew, and father filed post-judgment motions self-represented. He attached several medical records to these motions. Father claims that the court failed to adequately explain its reasons for denying his post-judgment motions, and disregarded important information regarding his son's health and well-being without an opportunity to present evidence on his son's medical history and ongoing needs.

Father claims that he compiled a thorough record to support his claims of educational and medical neglect, and his attorney did not follow through on procedural rules that would have allowed him to present these at the hearing. The record shows that some documents offered by father at the hearing were not admitted because they were not properly authenticated. Father was permitted, however, to relay his concerns about his child based on his review of the medical record and the court admitted a forty-four-page medical record detailing father's concerns. Father fails to demonstrate that there was any error in excluding the other documents. To the extent father contends that his attorney did not provide him with competent representation, this is not a basis for reversing the court's decision on modifying parental rights and responsibilities. See State v. Clark, 164 Vt. 626, 627 (1995) (explaining that "claim of ineffective assistance of counsel rests on the constitutional right to counsel under the Sixth and Fourteenth Amendments" and is not applicable in civil proceedings where there is no constitutional right to counsel).

This Court reviews the court's decision of either a Rule 59 or Rule 60 motion for an abuse of discretion. See Sandgate Sch. Dist. v. Cate, 2005 VT 88, ¶ 6, 178 Vt. 625 (mem.) (providing that "trial court has discretion when ruling on a motion for relief from judgment under Rule 60(b)"); N. Sec. Ins. Co. v. Mitec Elecs., Ltd., 2008 VT 96, ¶ 34, 184 Vt. 303 (explaining that review of Rule 59 motion is for "abuse of discretion"). The moving party has the burden of establishing that there was an abuse of discretion. Sandgate, 2005 VT 88, ¶ 6. The trial court is not required to hold a hearing for either type of motion. See id. ¶ 12 (explaining that no hearing required for Rule 60 motion "where the grounds for the motion are frivolous or totally lacking in merit"); Jewell v. Dyer, 154 Vt. 486, 488 (1990) (providing that hearing on Rule 59 motion "not mandatory, particularly where, as here, the moving party has failed to show prejudice flowing from the lack of a hearing"). "A motion to amend judgment allows the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enters., Inc., 164 Vt. 582, 588 (1996).

Here, the court acted well within its discretion in denying the motions to amend and for relief from judgment without a hearing. Father expressed dissatisfaction with his representation and essentially sought another opportunity to provide the court with more evidence. The purpose of a Rule 59 motion is not to allow a party to relitigate old matters or to present evidence that could have been provided prior to judgment. See Veljovic v. TD Bank, N.A., 2025 VT 38, ¶ 16 (explaining scope of Rule 59(e) motion). Father had a sufficient opportunity at trial to present his evidence and the court did not abuse its discretion in declining to consider and relitigate the issue in a post-judgment motion. See Rubin, 164 Vt. at 589 (concluding that court acted within its discretion in refusing to hear evidence in post-trial motion that could have been proffered at trial).

Finally, father argues that the cumulative effect of these errors resulted in a deprivation of due process to him. Father was provided with full opportunity to litigate his motion before the court and has not demonstrated any denial of due process. See Rich v. Montpelier Supervisory Dist., 167 Vt. 415, 420 (1998) ("The essential elements of due process are notice and an opportunity to be heard.").

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice